1  Joseph W. Rose (SBN 232261)
   Lisa L. Bradner (SBN 197952)
2  **ROSE LAW**
   **A PROFESSIONAL CORPORATION**
3  11335 Gold Express Dr., Ste. 135
   Gold River, CA 95670
4  Telephone:    (916) 273-1260
   Facsimile:    (916) 290-0148
5  Email:    legalteam@joeroselaw.com

6  Attorneys for Plaintiffs and the Plaintiff Class
   RAMSES GUTIERREZ, JONATHAN JACOB,
7  TOUSSAINT CHIVARS, JOSHUA ESPIRITU,
   PATRICK WILLIAMS, SAM PREEG,
8  RICARDO SAPASAP, ARMANDO TORRES,
   KEONDRE MASTERS, GIANFRANCO UY,
9  CHRISTOPHER ADDO, ALAN OSORIO,
   KEITH POLEE, EARL GRAY, ZACHARY FINER

10

# UNITED STATES DISTRICT COURT

11

## EASTERN DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13  RAMSES GUTIERREZ,<br>JONATHAN JACOB,<br>TOUSSAINT CHIVARS,<br>14  JOSHUA ESPIRITU,<br>PATRICK WILLIAMS,<br>15  SAM PREEG,<br>RICARDO SAPASAP,<br>16  ARMANDO TORRES,<br>KEONDRE MASTERS,<br>17  GIANFRANCO UY,<br>CHRISTOPHER ADDO,<br>18  ALAN OSORIO,<br>KEITH POLEE,<br>19  EARL GRAY,<br>ZACHARY FINER,<br>20  individually and on behalf of all<br>others similarly situated,<br><br>21<br>        Plaintiffs,<br>22  v.<br><br>23  CARTER BROTHERS SECURITY<br>24  SERVICES, LLC,<br>AT&T DIGITAL LIFE, INC.,<br>25  PACIFIC BELL TELEPHONE COMPANY<br>DBA AT&T DATACOMM, INC.,<br>26  AT&T CORP.<br>27  and DOES 1 through 10, inclusive,<br><br>28       Defendants. | CASE NO.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, RESTITUTION AND CIVIL PENALTIES**<br><br>1. **Unpaid Overtime Wages (Lab. Code, §§ 510, 558);**<br>2. **Failure to Timely Pay Wages Due at Termination (Lab. Code, § 201-203);**<br>3. **Violation of Labor Code § 2753**<br>4. **Failure to Give Meal and Rest Periods (Lab. Code §§ 226.7, 512);**<br>5. **Failure to Contract for Sufficient Funds to Comply with Labor Laws (Lab. Code § 2810);**<br>6. **Failure to Pay Minimum Wage (Lab. Code §§ 1194, 1197, 1197.1);**<br>7. **Failure to Pay for Necessary Expenditures (Lab. Code § 2802);**<br>8. **Conversion;**<br>9. **Violation of the Unfair Competition Law (Bus. & Prof. Code, §§ 17200, et. seq.);**<br>10. **Labor Code Private Attorneys General Act (Lab. Code, § 2699);**<br>11. **Injunctive and Declaratory Relief.**<br><br>**DEMAND FOR JURY TRIAL** |

ROSE LAW, A PROFESSIONAL CORPORATION
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670
(916) 273-1260

-1-

1    Individual and representative Plaintiffs RAMSES GUTIERREZ, JONATHAN JACOB,
2  TOUSSAINT CHIVARS, JOSHUA ESPIRITU, PATRICK WILLIAMS, SAM PREEG,
3  RICARDO SAPASAP, ARMANDO TORRES, KEONDRE MASTERS, GIANFRANCO UY,
4  CHRISTOPHER ADDO; ALAN OSORIO, KEITH POLEE, EARL GRAY and ZACHARY
5  FINER (collectively "Plaintiffs"), on behalf of themselves individually and all others similarly
6  situated, and demanding a trial by jury, complain and plead upon information and belief against
7  Defendants CARTER BROTHERS SECURITY SERVICES, LLC ("Carter Bros.") and AT&T
8  DIGITAL  LIFE,  INC.,  PACIFIC  BELL  TELEPHONE  COMPANY  DBA  AT&T
9  DATACOMM, INC., and AT&T CORP. (collectively "AT&T") and DOES 1 through 10,
10  inclusive:

## INTRODUCTION

12    1.    This is a class action pursuant to California Code of Civil Procedure section 382,
13  and a representative action pursuant to California Labor Code section 2699, brought by Plaintiffs
14  for themselves and on behalf of all other persons similarly situated and all other aggrieved
15  employees. The acts complained of occurred, at least in part, within the last four (4) years
16  preceding filing the Complaint.

17    2.    Plaintiffs are employees of Defendants Carter Bros. and AT&T (collectively the
18  "Defendant Employers") within the last four (4) years, seeking recovery of wages due and
19  penalties and other damages under Labor Code sections 201 through 203, 206, 226.7, 510, 512,
20  550 through 552, 558, 1194, 1197, 1197.1, 2750.5, 2802, 2810, plus interest, attorney's fees and
21  costs under Labor Code sections 1194, 2802, 2810 and 3336. Plaintiffs also sue for monetary
22  recovery, declaratory and for injunctive relief for Defendants' violations of the California Unfair
23  Competition Law ("UCL"), including full restitution and/or disgorgement of all compensation
24  retained by the Defendant Employers as a result of their unlawful, fraudulent, and unfair
25  business practices. Plaintiffs concurrently sue under the Labor Code Private Attorneys General
26  Act ("PAGA," Lab. Code, § 2699 et seq.). Plaintiffs also request injunctive and declaratory relief
27  including rescission of their so-called "Independent Contractor Agreements" with the Defendant
28  Employers on the grounds of, mistake, fraud, constructive fraud, duress, undue influence,

-2-

ROSE LAW, A PROFESSIONAL CORPORATION
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670
(916) 273-1260

1  illegality, unconscionability and prejudice to the public interest. Plaintiffs also seek exemplary
2  damages under Civil Code section 3294.

## JURISDICTION AND VENUE

3.    This Court has diversity jurisdiction over this matter as Plaintiffs and the putative class are California residents, and Defendant Carter Bros. is a Florida Limited Liability Company, with its principal place of business located in Atlanta, Georgia, Defendant AT&T Digital Life, Inc. is a New York Corporation with its principal place of business in Atlanta, Georgia, Defendant Pacific Bell Telephone Company dba AT&T DataComm, Inc., is a Delaware Corporation with its principal place of business in San Antonio, Texas, and Defendant AT&T Corp. is a New York Corporation with its principal place of business in Bedminster, New Jersey. (Fed. Rules Civ.Proc.§ 1332(c)(1).) The amount in controversy exceeds $75,000 (Fed. Rule Civ. Proc.§ 1332(b).) This Court has personal jurisdiction in that each defendant maintains an office, transacts business, has an agent, and/or is found in the Eastern District of California, and is within the jurisdiction of this Court for purposes of service of process. Venue in California is proper as the subject matter of this litigation and some or all of the alleged facts, conduct, and statutory violations alleged occurred or otherwise transpired in California, and defendants are subject to personal jurisdiction in California.

## THE PARTIES

4.    Plaintiffs, RAMSES GUTIERREZ, JONATHAN JACOB, TOUSSAINT CHIVARS, JOSHUA ESPIRITU, PATRICK WILLIAMS, SAM PREEG, RICARDO SAPASAP, ARMANDO TORRES, KEONDRE MASTERS, GIANFRANCO UY, CHRISTOPHER ADDO; ALAN OSORIO, KEITH POLEE, EARL GRAY and ZACHARY FINER, are adults employed in Sacramento County, California, by the Defendant Employers as field technicians within the last four (4) years.

5.    Defendant CARTER BROTHER SECURITY SERVICES, LLC is a Florida Limited Liability Company, with its principal place of business located in Atlanta, Georgia, and doing business in the greater Sacramento, California area. Carter Bros. is listed by the California Contractors State License Board as a C10 Electrical Contractor, with license number 890931.

ROSE LAW, A PROFESSIONAL CORPORATION
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670
(916) 273-1260

-3-

1  Carter Bros.'s California Contractors License expired on February 28, 2013, and since then
2  Carter Bros. has operated in California without a valid contractor's license. Carter Bros. is a
3  "person" as defined by California Labor Code section 18, and by California Business and
4  Professions Code section 17201. Carter Bros. is an "employer" as defined by both the California
5  Labor Code and the California Industrial Welfare Commission's (IWC) orders regulating wages,
6  hours, and working conditions.

7      6.      Defendant AT&T Digital Life, Inc. is a New York Corporation with its principal
8  place of business in Atlanta, Georgia, and doing business throughout California. AT&T is a
9  "person" as defined by California Labor Code section 18, and by California Business and
10  Professions Code section 17201. AT&T is an "employer" as defined by both the California
11  Labor Code and the California Industrial Welfare Commission's (IWC) orders regulating wages,
12  hours, and working conditions in that AT&T employed and/or exercised control over wages,
13  hours, and working conditions of Plaintiffs and all others similarly situated as those terms are
14  defined by the IWC and the California Supreme Court in *Martinez v. Combs* (2010) 49 Cal.4[th]
15  35. AT&T Digital Life, Inc., is licensed with the California Department of Consumer Affairs as
16  an Alarm Company Operator. AT&T Digital Life contracted with Carter Bros. for the services of
17  Plaintiffs and the Class Members.

18      7.      Defendant Pacific Bell Telephone Company dba AT&T DataComm, Inc., is a
19  Delaware Corporation with its principal place of business in San Antonio, Texas, and doing
20  business throughout California. AT&T is a "person" as defined by California Labor Code
21  section 18, and by California Business and Professions Code section 17201. AT&T is an
22  "employer" as defined by both the California Labor Code and the California Industrial Welfare
23  Commission's (IWC) orders regulating wages, hours, and working conditions in that AT&T
24  employed and/or exercised control over wages, hours, and working conditions of Plaintiffs and
25  all others similarly situated as those terms are defined by the IWC and the California Supreme
26  Court in *Martinez v. Combs* (2010) 49 Cal.4[th] 35. Pacific Bell Telephone Company dba AT&T
27  DataComm, Inc., is licensed with the California Contractors State License Board as a Low
28  Voltage Systems Contractor, Electrical Contractor, General Building Contractor and General

ROSE LAW, A PROFESSIONAL CORPORATION
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670
(916) 273-1260

-4-

1  Engineering Contractor. Plaintiffs provided services in California under AT&T's licenses.

2  8.   Defendant AT&T CORP. is a New York Corporation with its principal place of

3  business in Bedminster, New Jersey, and doing business throughout California. AT&T is a

4  "person" as defined by California Labor Code section 18, and by California Business and

5  Professions Code section 17201. AT&T is an "employer" as defined by both the California

6  Labor Code and the California Industrial Welfare Commission's (IWC) orders regulating wages,

7  hours, and working conditions in that AT&T employed and/or exercised control over wages,

8  hours, and working conditions of Plaintiffs and all others similarly situated as those terms are

9  defined by the IWC and the California Supreme Court in *Martinez v. Combs* (2010) 49 Cal.4th

10  35. AT&T Corp. is the parent company of Defendants AT&T Digital Life, Inc. and Pacific Bell

11  Telephone Company dba AT&T DataComm, Inc.

12  9.   Within the last four years, the Defendant Employers were the employers and/or

13  joint employers of Plaintiffs and class members within the meaning of the California Labor

14  Code, Division 2, and the applicable IWC occupational Wage Order(s) in that the Defendant

15  Employers employed and/or exercised control over wages, hours, and working conditions of

16  Plaintiffs and all others similarly situated as those terms are defined by the IWC (see *Martinez v.*

17  *Combs* (2010) 49 Cal.4th 35), and considering the total employment situation and economic

18  realities of the employment relationship. (*S.G. Borello & Sons, Inc. v. Dept. of Ind. Relations*

19  (1989) 48 Cal.3d 341.) As employer, the Defendant Employers were responsible for compliance

20  with the California Labor Code and applicable IWC Wage Order(s).

21  10.   In addition to the Defendant Employers named above, Plaintiffs sue fictitiously

22  DOES 1 through 10, inclusive, as permitted by Code of Civil Procedure section 474, because

23  their names, capacities, status, or facts showing them to be liable are not presently known.

24  Plaintiffs will amend this Complaint to show their true names and capacities, with appropriate

25  charging language, when such information has been ascertained. Plaintiffs are informed and

26  believe and thereupon allege that each of the DOE Defendants is responsible in some manner for

27  the occurrences alleged and that Plaintiffs' and class members' damages as alleged are

28  proximately caused by such occurrences.

ROSE LAW, A PROFESSIONAL CORPORATION
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670
(916) 273-1260

1

## AGENCY, JOINT VENTURE, ALTER EGO

2      11.    At all times mentioned in the causes of action into which this paragraph is
3   incorporated by reference, on information and belief, every defendant was the principal, partner,
4   agent, servant, employee, co-conspirator, co-employer, and/or alter ego of the remaining
5   defendants. In doing the things alleged in the causes of action into which this paragraph is
6   incorporated by reference, every defendant was acting within the course and scope of this
7   agency, partnership, servant, employment, conspiracy and/or alter/ego and was acting with the
8   consent, permission, knowledge and/or authorization of the remaining defendants. All actions of
9   every defendant alleged in the causes of action into which this paragraph is incorporated by
10  reference were ratified and approved by the officers or managing agents of the remaining
11  defendants.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13     12.    On February 4, Plaintiffs, through their attorney, mailed via certified mail with
14  return receipt, to Carter Bros. and AT&T and the Labor and Workforce Development Agency
15  (LWDA), a notice of Labor Code violations and intention to seek civil penalties under the Labor
16  Code Private Attorneys General Act. ("PAGA," Lab. Code, § 2699, et seq.)

17     13.    Under Labor Code section 2699.3, subparts (a)(2)(A) and (B), the LWDA will
18  provide notice to Plaintiffs of its intent (or non-intent) to investigate the alleged violations,
19  followed by issuance (or non-issuance) of a citation to defendants. Plaintiffs will amend this
20  Complaint within 60 days thereafter as authorized by Labor Code section 2699.3, subpart
21  (a)(2)(C) to allege complete exhaustion of all administrative preconditions to recovery of the
22  penalties under the Labor Code as described in this complaint.

## CLASS ACTION ALLEGATIONS

24     14.    The "Class Period" is designated as the time from four years immediately
25  preceding filing this Complaint, through the conclusion of trial on all issues presented, based
26  upon the allegation that the violations of the California Labor Code and the UCL, as described
27  more fully herein, have been ongoing throughout that time.

28     15.    The Class which Plaintiffs seek to represent is composed of and defined as

-6-

ROSE LAW, A PROFESSIONAL CORPORATION
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670
(916) 273-1260

follows, and which is the "Class" or "Class Members":

> All persons employed by the Defendant Employers (as defined in paragraphs 5 through 9 above) within California providing services under Independent Contractor Agreements with Carter Bros. and AT&T, within the Class Period, without receiving full compensation under the Labor Code.

16.     Plaintiffs reserve the right under Rule 1855(b), California Rules of Court, to amend or modify the Class description with greater specificity or division into subclasses or limitation to particular issues.

17.     During the Class Period, the Defendant Employers had a consistent policy and practice of:

a.      Willfully misclassifying employees as independent contractors and thereby denying them rights and benefits under the California Labor Code and IWC wage orders with regard to wages, hours, and conditions of employment;

b.      Willfully failing to pay Plaintiffs and Class Members overtime and double time wages for hours worked over eight (8) hours per day or twelve (12) hours per day and over forty (40) hours per week, in violation of California Labor Code section 510;

c.      Willfully failing to give Plaintiffs and Class Members mandated meal and rest periods in violation of California Labor Code sections 226.7 and 512;

d.      Willfully failing to pay compensation (including unpaid minimum wages and/or overtime) due and owing to Plaintiff and Class Members in a prompt and timely manner upon termination or resignation in violation of California Labor Code sections 201 through 203;

e.      Willfully requiring Plaintiffs and Class Members as a precondition of employment to sign illegal, voidable, unenforceable and unconscionable "Independent Contractor Agreements";

f.      Willfully failing to pay minimum, regular or overtime wages to Plaintiffs and Class Members for travel time while being dispatched to their first job assignment of the day and returning from the last assignment of the day, and while participating in required training courses;

g.      Willfully requiring Plaintiffs and Class Members to buy their own tools,

- 7 -

ROSE LAW, A PROFESSIONAL CORPORATION
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670
(916) 273-1260

1  cell phones, cell phone service plans, and equipment necessary for the job without
2  reimbursement or indemnification;

3      h.  Willfully entering into agreements for construction related contracting
4  services without sufficient funds to allow the contractor to comply with all applicable local,
5  state, and federal labor laws or regulations;

6      i.  Willfully withholding and converting Plaintiffs' and Class Members'
7  wages for its own use;

8      j.  Willfully engaging, suffering and permitting the work of Plaintiffs and
9  Class Members and exercising control over the wages, hours, and/or working conditions of
10 Plaintiffs and Class Members, under illegal Independent Contractor Agreements;

11     k.  Willfully failing to prevent the unlawful labor conditions despite having
12 the power to do so;

13     l.  Willfully engaging in California's illegal underground economy with a
14 pattern and practice of violating local, state and federal employment and labor regulations such
15 as, for example, Plaintiffs and Class Members who were laid off were not eligible for
16 unemployment benefits, Plaintiffs and Class Members who were injured on the job were not
17 eligible for workers compensation benefits, Plaintiffs and Class Members did not have
18 appropriate state and federal tax withholdings from their paychecks, Plaintiffs and Class
19 Members who were disabled did not have access to SDI, and Plaintiffs and Class Members did
20 not accrue social security credits during their employment with the Defendant Employers..

21     18.  The Defendant Employers' consistent policies and practices of willfully
22 misclassifying Plaintiffs and Class Members as independent contractors in order to violate and
23 the evade the minimum wage, overtime, and timely wage payment provisions of California's
24 wage and hour laws, despite the rebuttable presumption under Labor Section 2750.5 that
25 Plaintiffs and Class Members were employees and not independent contractors, and serve as a
26 predicate act for application of the UCL.

27     19.  This action has been brought and may properly be maintained as a class action
28 pursuant to the provisions of California Code of Civil Procedure section 382 because there is a

**CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, RESTITUTION,
AND CIVIL PENALTIES; DEMAND FOR JURY TRIAL**

ROSE LAW, A PROFESSIONAL CORPORATION
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670
(916) 273-1260

well-defined community of interest in the litigation and the proposed class is easily ascertainable:

a. Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Class are so numerous that joinder of all members is impractical, if not impossible; Plaintiffs are informed and believe, and on that basis allege, that the total number of the Class members is approximately forty (40), but could be greater. Membership in the Class will be determined based on analysis of the Defendant Employers' employee records, independent contractor agreements, and payroll records, and other records that the Defendant Employers maintain.

b. Commonality: Plaintiffs and the Class Members share a community of interests, as there are several common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members. A class action is superior to other methods for a fair and efficient adjudication of the controversy. These common questions include, but are not limited to:

   i. Whether the Defendant Employers willfully misclassified Plaintiffs and the Class as independent contractors despite the rebuttable presumption that they are employees;

   ii. Whether the Defendant Employers violated California Labor Code section 510 and applicable IWC Wage Order(s) by failing to pay overtime compensation to Class members who worked over 40 hours per week and/or 8 hours per day;

   iii. Whether the Defendant Employers violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Order(s) by failing to give Plaintiffs and Class Members meal and rest periods;

   iv. Whether the Defendant Employers violated California Labor Code sections 201 through 203 and the applicable IWC Wage Order(s) by willfully failing to pay compensation to Class Members (including unpaid minimum wages and/or overtime) in a prompt and timely manner upon termination of employment;

   v. Whether the Defendant Employers failed to pay minimum, regular or overtime wages to Plaintiffs and Class Members for travel time while being dispatched to their first job assignment of the day and returning from the last assignment of the day,

   vi. Whether the Defendant Employers failed to pay minimum, regular or overtime wages to Plaintiffs and Class members while participating in required training courses;

   vii. Whether the Defendant Employers required Plaintiffs and Class Members to buy their own tools, cell phones, cell

- 9 -

ROSE LAW, A PROFESSIONAL CORPORATION
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670
(916) 273-1260

phone service plans, and equipment necessary for the job without reimbursement or indemnification;

viii.   Whether the Defendant Employers violated California Labor Code section 2810 by failing to contract for sufficient funds to comply with Labor laws;

ix.    Whether the Defendant Employers converted Plaintiffs' and Class Members' wages for their own use;

x.     Whether the Defendant Employers engaged unfair, unlawful and/or fraudulent business practices in violation of the UCL by a consistent policy and practice of violating minimum wage, overtime, and timely wage payment, provisions of California's wage and hour laws;

xi.    Whether the Defendant Employers required Plaintiffs and Class Members to sign illegal Independent Contractor Agreements to avoid and evade paying minimum wage, overtime, and timely wages to Plaintiffs and Class Members;

xii.   Whether the illegal, voidable and unconscionable Independent Contractor Agreements should be rescinded and declared void and unenforceable by this court.

c.   Typicality: Plaintiffs' claims are typical of the claims of the members of the proposed Class. Plaintiffs, and all members of the Class, sustained injuries and damages arising out of and caused by Defendants' conduct, in violation of state law as alleged.

d.   Superiority of Class Action: Since the damages suffered by individual Class members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member is likely to render individual actions impractical. Should separate actions be brought by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other Class Members who are not parties to those adjudications and/or may substantively impede their ability to adequately protect their interests. Plaintiffs are informed and believe, and based thereon allege, that Defendants, in committing the Labor Code violations, unfair business practices, and conversion alleged regarding the Class Members have acted and refused to act on grounds applicable to all claims, making injunctive and monetary relief appropriate for all Class Members.

e.   Adequacy of Representation: Plaintiffs in this class action are an adequate representative of the Class in that Plaintiffs' claims are typical of those of the Class and Plaintiffs have the same interests as the Class Members. Plaintiffs are committed to vigorous prosecution, and have retained competent counsel, experienced in litigation of this nature. Plaintiffs are

- 10 -

ROSE LAW, A PROFESSIONAL CORPORATION
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670
(916) 273-1260

not subject to any individual defenses unique or distinct from those conceivably applicable to the Class. Plaintiffs anticipate no management difficulties.

### COMMON FACTUAL ALLEGATIONS

20.     At all relevant times, Carter Bros. and AT&T had an agreement or contract whereby Carter Bros. hired, trained and supplied labor and construction related services personnel to AT&T in California for AT&T's Digital Life home security business.

21.     As part of this agreement or contract, the Defendant Employers jointly employed and trained security services technicians and/or equivalently positioned employees, like Plaintiffs and other Class Members, to render security system installation and technical-related services under the direct supervision and control of the Defendant Employers.

22.     The Defendant Employers entered into this agreement knowing the contract or agreement between them did not include funds sufficient to comply with all applicable local, state, and federal laws or regulations governing the labor or services to be provided.

23.     The Defendant Employers were required to obtain licenses to perform these services in California, creating a rebuttable presumption under Labor Code section 2750.5 that Plaintiffs and Class Members were employees of the Defendant Employers, and not independent contractors.

24.     However, as a precondition to employment, the Defendant Employers required Plaintiffs and Class Members to sign an "Independent Contractor Agreement," misclassifying Plaintiffs and Class Members as Independent Contractors rather than employees, and permeated with illegal and unconscionable terms. These terms include but are not limited to:

a.       Willful misclassification of Plaintiffs and Class Members as independent contractors rather than employees for the purposes avoiding and evading of California wage and hour laws, Workers Compensation laws, California Family Rights Act requirements, Affordable Care Act requirements, Unemployment Insurance payments, State Disability Insurance ("SDI") payments, Social Security Insurance ("SSI") contributions, Medicare contributions, federal and state payroll tax payments, and numerous other state and federal laws, taxes and requirements;

b.       Excluding Plaintiffs and Class Members from over-time wages for hours

-11-

ROSE LAW, A PROFESSIONAL CORPORATION
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670
(916) 273-1260

1 worked in excess of forty (40) hours per week in violation of California Labor Codes and
2 applicable IWC wage orders;

3     c. "Exclusivity" and "Non-Solicitation; Non-Competition" terms that are
4 illegal restraints on trade under California Business and Professions Code section 16600 and
5 directly contradict the purported independent contractor status conferred by the Agreement;

6     d. "Indemnification" term requires Plaintiffs and Class Members to
7 indemnify the company for all claims, even those arising out of the employees' course and scope
8 of employment in violation of California Labor Code section 2802;

9     e. "Resolution of Disputes" term is an attempt to evade the illegal nature and
10 purpose of the Agreement;

11     f. "Governing Law" term attempts to avoid California Labor Codes and
12 IWC Wage Orders for contracts and work performed in California by applying Georgia law to
13 employment contracts executed and fully performed in California.

14     25. During their employment with the Defendant Employers, Plaintiffs and Class
15 Members performed security system installation and technical related services, the type of which
16 the Defendant Employers are in the regular business of providing.

17     26. Plaintiffs and Class Members did not set, determine, or follow their own work
18 schedules, but instead were given their work schedule by the Defendant Employers who
19 dispatched Plaintiffs and Class Members to work sites. Plaintiffs and Class Members had no
20 control over setting appointments and work schedules and were expected to abide by the
21 schedules given to them by the Defendant Employers.

22     27. Plaintiffs and Class Members were required to drive vehicles owned and provided
23 by AT&T, displaying the AT&T trademarks and logos, from home to all dispatched
24 appointments. Plaintiffs and Class Members were not allowed to make personal stops, conduct
25 personal business or errands, or carry passengers while driving the AT&T vehicles.

26     28. Plaintiffs and Class Members had no ownership or investment in their own
27 business and were told they would be provided tools and consumables by the Defendant
28 Employers to use during technical appointments. Plaintiffs and Class Members often were not

ROSE LAW, A PROFESSIONAL CORPORATION
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670
(916) 273-1260

-12-

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, RESTITUTION,
AND CIVIL PENALTIES; DEMAND FOR JURY TRIAL

1 provided with promised tools and supplies, and were required to buy their own tools, cell
2 phones, cell phone service plans, and supplies at their own expense without reimbursement or
3 indemnity.

4      29.    Plaintiffs and Class Members were required to wear uniforms bearing AT&T
5 logos and emblems identifying them as employees of the Defendant Employers.

6      30.    Plaintiffs and Class Members were expressly forbidden by their Agreements from
7 engaging in any outside work or activities of any kind with competing employers both during
8 and after the term of the Agreements in violation of California Business and Professions Code
9 section 16600.

10      31.    Plaintiffs and Class Members had no previous specific or specialized training in
11 security system installation or services. The Defendant Employers provided a two-week initial
12 training session, at the end of which Plaintiffs and Class Members earned an alarm installation
13 "license." Plaintiffs and Class Members were also required to participate in on-going training
14 sessions, demonstration, direction, and on-the-job training in the methods, processes, procedures,
15 techniques, means and manner of carrying out the work required to be performed in a specific
16 proscribed manner.

17      32.    Plaintiffs' and Class Members' work was regularly overseen, supervised, and
18 directed by the Defendant Employers.

19      33.    Plaintiffs and Class Members were guaranteed by their Contracts wages for a
20 minimum forty hours per week, whether they worked forty hours per week or less, but were
21 never paid for a full forty hour week without having worked a full forty hour week.

22      34.    Plaintiffs and Class Members were paid by the hour and not by the job.

23      35.    Plaintiffs' and Class Members' Agreements contained a one-year term duration of
24 employment.

25      36.    Plaintiffs and Class Members were regularly required to work over eight (8)
26 hours and twelve (12) hours per day and forty (40) hours per week, and/or work on a seventh
27 consecutive day, but were never paid over-time or double-time wages.

28      37.    Plaintiffs and Class Members were regularly denied mandated meal and rest

-13-

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, RESTITUTION,
AND CIVIL PENALTIES; DEMAND FOR JURY TRIAL

ROSE LAW, A PROFESSIONAL CORPORATION
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670
(916) 273-1260

1 || periods.

2     38.     Plaintiffs and Class Members were denied minimum, regular and/or overtime
3 wages for travel time in the AT&T vehicles while being dispatched to their first job assignment
4 of the day and returning from the last assignment of the day, and while participating in required
5 training courses.

6     39.     Plaintiffs and Class Members were denied terminal wages due and owing within
7 72 hours of an employee's voluntary termination and/or immediately upon involuntary
8 termination of employment.

9     40.     Plaintiffs and Class Members frequently were not paid wages conceded due and
10 owing at the time of termination of employment.

### FIRST CAUSE OF ACTION
### Unpaid Overtime Wages
### California Labor Code §§ 510, 558
### (Against All Defendants)

41.     Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1
through 40 above as though fully set forth herein.

42.     Plaintiffs and Class Members were governed by the wage and overtime
requirements of Labor Code section 510 and the applicable IWC Wage Order number 4-2001,
for the Professional, Technical, Clerical, Mechanical and Similar Occupations. Wage Order 4
requires employees must be paid overtime of one and one-half times the employee's regular rate
of pay for all hours worked over eight (8) hours up to and including twelve (12) hours in any
workday and over 40 hours in one work week, and for the first eight (8) hours worked on the
seventh consecutive day of work in a workweek, and double the employee's regular rate of pay
for all hours worked over twelve (12) hours in any workday.

43.     During the last four years, the Defendant Employers systematically denied
Plaintiffs and Class Members overtime compensation for hours worked over eight (8) and twelve
(12) in one day and over forty (40) hours in one work week.

44.     Plaintiffs and Class Members are entitled to recover the unpaid balance of the full
amount of the overtime wages, including interest thereon, penalties under Labor Code section

ROSE LAW, A PROFESSIONAL CORPORATION
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670
(916) 273-1260

-14-

558 in the amount of fifty dollars ($50) per initial violation per underpaid employee per pay period, and one hundred dollars ($100) for each subsequent violation per employee per pay period, reasonable attorney's fees, and costs of suit, under California Labor Code section 1194.

45.     As a proximate result of the aforementioned violations, Plaintiffs and Class Members have been damaged in an amount according to proof at the time of trial, but in an amount in excess of the minimum jurisdiction of this Court.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## SECOND CAUSE OF ACTION
### Willful Failure to Timely Pay Wages When Due at Termination
### California Labor Code §§ 201 – 203
### (Against All Defendants)

46.     Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 45 above as though fully set forth herein.

47.     Labor Code sections 201 and 202 requires the Defendant Employers to pay employees all wages due immediately upon involuntary discharge or layoff of an employee, and within 72 hours of an employee's voluntary termination of employment. Labor Code section 203 provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the employee's wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

48.     Plaintiffs and Class Members were routinely required to wait longer than the statutory maximum for final paychecks, and Plaintiffs and Class Members are entitled to compensation for unpaid minimum, regular and overtime wages, but to date have not received such compensation.

49.     More than three (3) days have passed since Plaintiffs and Class Members have left Defendants' employ. Plaintiffs and Class Members have not absented themselves or made themselves unavailable for payment of such unpaid sums.

50.     As a consequence of the Defendant Employers' willful conduct in not paying wages owed at the time of separation from employment, Plaintiffs and Class Members are entitled to up to thirty (30) days wages as a penalty under Labor Code section 203, together with

ROSE LAW, A PROFESSIONAL CORPORATION
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670
(916) 273-1260

-15-

1  interest thereon and attorney's fees and costs.

2  51.   As a proximate result of the aforementioned violations, Plaintiffs and Class

3  Members have been damaged in an amount according to proof at the time of trial, but in an

4  amount in excess of the minimum jurisdiction of this Court.

5  WHEREFORE, Plaintiffs pray for relief as set forth below.

6
## THIRD CAUSE OF ACTION
### Violation of Labor Code § 2753
7  (Against Doe Defendants 1-5)

8  52.   Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1

9  through 51 above as though fully set forth herein.

10  53.   Labor Code section 2753 provides that a person who, for money or other valuable

11  consideration, knowingly advises an employer to treat an individual as an independent contractor

12  to avoid employee status for that individual shall be jointly and severally liable with the

13  employer if the individual is found not to be an independent contractor. This section does not

14  apply to a person who provides this advice to his or her employer or is an attorney authorized to

15  practice law in California or another Unities States jurisdiction who provides legal advice the

16  course of the practice of law.

17  54.   Plaintiffs allege that Doe Defendants 1 through 5 are persons who, for money or

18  other valuable consideration, knowingly advised the Defendant Employers to treat Plaintiffs and

19  Class Members as independent contractors to avoid employee status.

20  55.   Plaintiffs further allege that Doe Defendants 1 through 5 are not employees of the

21  Defendant Employers and are not attorneys in California or another Unites States jurisdiction

22  who provided legal advice in the course of the practice of law. Doe Defendants 1 through 5 shall

23  be treated as jointly and severally liable with the Defendant Employers.

24  56.   Plaintiffs will amend this Complaint to show the true names and capacities of Doe

25  Defendants 1 through 5, when such information has been ascertained.

26  57.   WHEREFORE, Plaintiffs pray for relief as set forth below.

27  ///

28

ROSE LAW, A PROFESSIONAL CORPORATION
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670
(916) 273-1260

-16-

**FOURTH CAUSE OF ACTION**
**Willful Failure to Give Mandated Meal and Rest Periods**
**California Labor Code §§ 226.7, 512**
**(Against all Defendants)**

58. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 57 above as though fully set forth herein.

59. Labor Code section 226.7 mandates that no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the IWC.

60. Labor Code section 512 requires that an employer may not employ an employee for a work period of over five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total period per day of the employee is not over six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of over 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is only twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

61. IWC Wage Order number 4-2001(11)(A), requires that unless an employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.

62. IWC Wage Order number 4-2001(12)(A), requires every employer to authorize and permit all employees to take rest periods at a rate of ten (10) minutes per four (4) hours worked, with no deduction from wages.

63. Labor Code section 226.7 and IWC Wage Order number 4-2001 (11)(B) and (12)(B), require that if the employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the IWC, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

-17-

ROSE LAW, A PROFESSIONAL CORPORATION
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670
(916) 273-1260

64.     During the last four years, the Defendant Employers frequently denied Plaintiffs and Class Members mandated meal and/or rest periods during the workday by over-booking the employees' appointments requiring Plaintiffs and Class Members to work through their meal and rest periods, and then requiring the employees to deduct a 30 minute meal period from their time sheet.

65.     As a consequence of Defendants' willful conduct in not providing mandated meal and rest periods, and requiring employees to work during meal periods without written agreement and without pay, Plaintiffs and Class Members are entitled one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period was not provided under Labor Code section 226.7.

66.     As a result of these violations, Plaintiffs and Class Members have been damaged in an amount according to proof, but over the minimum jurisdiction of this Court.

WHEREFORE, Plaintiffs pray for relief as set forth below.

**FIFTH CAUSE**
**Willful Failure to Contract for Sufficient Funds to Comply with Labor Laws**
**California Labor Code § 2810**
**(Against All Defendants)**

67.     Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 66 above as though fully set forth herein.

68.     The Defendant Employers entered into a contract or agreement for electrical contracting services and at all times knew or had reason to know that the contract or agreement did not include sufficient funds to allow the contractor to comply with all applicable local, state and federal laws or regulations governing the labor or services to be provided.

69.     As a result of these violations, Plaintiffs and Class Members have been damaged in an amount according to proof, but over the minimum jurisdiction of this Court.

WHEREFORE, Plaintiffs pray for relief as set forth below.

**SIXTH CAUSE OF ACTION**
**Willful Failure to Pay Minimum Wage**
**California Labor Code §§ 1194,1197,1197.1**
**(Against All Defendants)**

70.     Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1

-18-

ROSE LAW, A PROFESSIONAL CORPORATION
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670
(916) 273-1260

1  through 69 above as though fully set forth herein.

2      71.    Labor Code section 1197 provides that payment of less than the minimum wage
3  to employees is unlawful. The Defendant Employers' employees are governed by the Industrial
4  Welfare Commission's Minimum Wage Order, MW-2007, establishing an $8.00 per hour
5  minimum wage beginning January 1, 2008.

6      72.    California law requires that employees be compensated for all time during which
7  an employee is subject to the control of an employer. The Defendant Employers frequently
8  willfully failed and refused to pay Plaintiffs and Class Members any minimum, regular, or over-
9  time wages while being required to drive company vehicles from the employees' assigned work
10 locations to the first dispatched assignment of day, and from the last assignment of the day back
11 to the employees' assigned work location, which was the employees' home.

12     73.    Plaintiffs and Class Members were required to drive vehicles owned and provided
13 by AT&T from home to all dispatched appointments. Plaintiffs and Class Members were
14 expressly forbidden from making personal stops while driving the AT&T vehicles, to use the
15 trucks for personal errands, and from carrying passengers in their assigned vehicle. While
16 driving the Defendant Employers' vehicles to dispatched assignments, Plaintiffs and Class
17 Members were under the control of the Defendant Employers but were not compensated for this
18 time.

19     74.    The Defendant Employers willfully failed and refused to pay Plaintiffs and Class
20 Members any minimum, regular, or over-time wages while being required to participate in
21 mobile learning ("MLearning") training sessions. Plaintiffs and Class Members were told they
22 had to participate in MLearning "on your own time," but would be "incentivized" to complete
23 116 required Carter Bros. MLearning courses at a piece rate of four dollars ($4) per course and
24 three (3) AT&T required MLearning courses at a piece rate of $25 per course. Plaintiffs and
25 Class Members were never paid the promised piece rate or any minimum, regular, or over-time
26 wages while participating in the 119 MLearning courses.

27     75.    As a consequence of the Defendant Employers' willful conduct in not paying
28 minimum, regular or over-time wages, Plaintiffs and Class Members are entitled to recover the

-19-

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, RESTITUTION,
AND CIVIL PENALTIES; DEMAND FOR JURY TRIAL

1  unpaid balance of the full amount of the minimum wage or overtime compensation, including
2  interest thereon, reasonable attorney's fees, and costs of suit, under Labor Code section 1194.
3  Plaintiffs and Class Members are also entitled to recover civil penalties against the Defendant
4  Employers for $100 per initial violation per underpaid employee per underpaid pay period, and
5  $250 for each subsequent violation for each underpaid employee per underpaid pay period,
6  under Labor Code section 1197.1.

7      76.     As a proximate result of the aforementioned violations, Plaintiffs and Class
8  Members have been damaged in an amount according to proof at the time of trial, but in an
9  amount in excess of the minimum jurisdiction of this Court.

10      WHEREFORE, Plaintiffs pray for relief as set forth below.

## SEVENTH CAUSE OF ACTION
### Failure to Pay for Necessary Expenditures
### California Labor Code §2802
### (Against All Defendants)

77.     Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1
through 76 above as though fully set forth herein.

78.     At all relevant times herein, the Defendant Employers owed a legal duty to its
employees, including Plaintiffs and Class Members, to provide or indemnify Plaintiffs and Class
Members for all necessary expenditures or losses incurred by the employee in direct
consequence of the discharge of his or her duties, including the purchase of tools, cell phones,
cell phone service plans, or equipment required by the employer or necessary to the performance
of a job.

79.     The Defendant Employers willfully failed and refused to reimburse or indemnify
Plaintiffs and Class Members for the purchase of tools, cell phones, cell phone service plans,
and/or equipment, required by the Defendant Employers and/or necessary to the performance of
the job.

80.     As a consequence of the Defendant Employers' willful conduct in not providing
or reimbursing Plaintiffs and Class Members for the purchase of required tools, cell phones, cell
phone service plans and/or equipment, Plaintiffs and Class Members are entitled to recover the

ROSE LAW, A PROFESSIONAL CORPORATION
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670
(916) 273-1260

-20-

1 full amount paid for tools, cell phones, and/or equipment required, including interest thereon,
2 reasonable attorney's fees, and costs of suit, under Labor Code section 2802.

3 81. As a proximate result of the aforementioned violations, Plaintiffs and Class
4 Members have been damaged in an amount according to proof at the time of trial, but in an
5 amount in excess of the minimum jurisdiction of this Court.

6 WHEREFORE, Plaintiffs pray for relief as set forth below.

## EIGHTH CAUSE OF ACTION
### Conversion
### (Against All Defendants)

9 82. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1
10 through 81 above as though fully set forth herein.

11 83. At all relevant times, the Defendant Employers owed a legal duty to its
12 employees, including Plaintiffs and Class Members, to properly compensate them with at least
13 minimum wages and/or overtime wages for all hours worked. The Defendant Employers
14 knowingly and intentionally failed and refused to pay Plaintiff and Class Members wages they
15 were owed, withholding these sums and converting them to Defendants' own use. Plaintiff and
16 Class Members had the right to own and had the legal right to hold, possess and dispose of
17 wages withheld by the Defendant Employers. Plaintiffs and Class Members gained the right to
18 hold, possess, and dispose of the overtime wages withheld while working in the service of the
19 Defendant Employers during the last four years.

20 84. At all relevant times herein, the Defendant Employers owed a legal duty to its
21 employees, including Plaintiffs and other aggrieved employees, to make timely payment of
22 terminal wages. The Defendant Employers knowingly, intentionally, and willfully failed to make
23 timely payment of terminal wages to Plaintiffs and other aggrieved employees, withholding
24 these sums and converting them to Defendants' own use. Plaintiffs and Class Members had the
25 right to own and had the legal right to hold, possess and dispose of, the wages not timely paid by
26 the Defendant Employers upon termination. Plaintiffs and Class Members gained the right to
27 hold, possess, and dispose of the wages not timely paid while working in the service of the
28 Defendant Employers.

ROSE LAW, A PROFESSIONAL CORPORATION
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670
(916) 273-1260

-21-

1    85.    In doing the acts and things alleged, the Defendant Employers knowingly,
2   willfully, and unlawfully interfered with Plaintiffs' and Class Members rights to wages earned
3   under California law, and to own, possess and/or control disposition of these sums. In doing the
4   acts and things alleged, Defendants knowingly, unlawfully and intentionally took, appropriated,
5   and converted the property (wages) of Plaintiffs and Class Members for Defendants' own use,
6   purposes, and benefits. When the conversion took place, Plaintiffs and Class Members were
7   entitled to such property under the California Labor Code and applicable IWC Wage Order(s).
8   This conversion was oppressive, malicious and fraudulent, and the Defendant Employers' legal
9   obligation to pay these wages was concealed by the Defendant Employers from Plaintiffs and
10  Class Members, and each of them. The Defendant Employers knew that Plaintiffs and Class
11  Members were entitled to the unpaid wages described hereinabove and knowingly refused
12  payment to Plaintiffs and Class Members, instead using the money they had to pay to Plaintiffs
13  and Class Members for Defendant Employers' own purposes and benefits.

14   86.    The exact wages unlawfully converted by the Defendant Employers from
15  Plaintiffs and Class Members, and each of them, can be made certain. The specific identifiable
16  sum of money Plaintiffs and Class Members are entitled to vary per employee and will be
17  established in an amount according to proof and over the minimum jurisdiction of this Court.

18   87.    The Defendant Employers have regularly and consistently maintained policies
19  and procedures that dictated and mandated that Plaintiffs and Class Members were not properly
20  paid minimum, regular and overtime wages. The Defendant Employers have regularly and
21  consistently maintained policies and procedures that dictated and mandated that Plaintiffs and
22  Class Members were not timely paid all wages due and owing upon termination of employment.
23  The Defendant Employers implemented and carried out the policies and procedures as alleged to
24  deprive Plaintiffs and Class Members of their right to payment of minimum, regular wages,
25  overtime wages, and timely payment of wages upon termination, such that the Defendant
26  Employers converted said sums for their own uses, as alleged.

27   88.    Plaintiffs and Class Members carry out their tasks, duties and responsibilities for
28  the Defendant Employers in a similar fashion as alleged. The Defendant Employers have taken

-22-

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, RESTITUTION,
AND CIVIL PENALTIES; DEMAND FOR JURY TRIAL

1 sums owed to Plaintiffs and Class Members and converted the same to their own use and benefit.

2       89.    Plaintiffs and Class Members have been injured by this conversion by reliance on
3 the Defendant Employers' obligation to comply with the California Labor Code and the
4 applicable IWC Wage Order(s) requiring the Defendant Employers properly pay minimum,
5 regular and overtime wages and wages upon termination in a timely fashion. Plaintiffs and Class
6 Members are entitled to all money converted by the Defendant Employers with interest thereon,
7 and any and all profits, whether direct or indirect, which the Defendant Employers acquired by
8 its unlawful conversion. The Defendant Employers' actions constituting conversion were
9 oppressive, malicious and fraudulent and were concealed by the Defendant Employers from
10 Plaintiffs and Class Members as hereinabove alleged. Plaintiffs and Class Members have been
11 injured by the Defendant Employers' oppressive, malicious, intentional and fraudulent actions,
12 entitling Plaintiffs and Class Members to punitive and exemplary damages.

13       WHEREFORE, Plaintiffs prays for judgment as set forth below.

### NINTH CAUSE OF ACTION
### Unfair Competition Law
### Business & Professions Code § 17200 et seq.
### (Against All Defendants)

17       90.    Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1
18 through 89 above as though fully set forth herein.

19       91.    The Unfair Competition Law ("UCL"), Business and Professions Code section
20 17200 et seq., defines unfair competition to include any unlawful, unfair, or fraudulent business
21 act or practice. The UCL borrows violations from other statutes, and authorizes any person who
22 has suffered injury and who has lost money or property because of such unfair practices to sue
23 for relief under the statute. The UCL also provides that a court may enjoin acts of unfair
24 competition, issue declaratory and other equitable relief, and order restitution of money or
25 property acquired with unfair competition.

26       92.    Defendants, and each of them, have engaged in unfair business practices in
27 California by practicing, employing and utilizing the employment practices outlined in
28 paragraphs 1 through 89, inclusive. Beginning on an exact date unknown to Plaintiffs, but at

-23-

ROSE LAW, A PROFESSIONAL CORPORATION
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670
(916) 273-1260

1  least since year 2010 and continuing to the present day, the Defendant Employers have violated
2  numerous state and federal laws and regulations governing wages, hours, and conditions of
3  employment.

4      93.    As described hereinabove, which allegations are realleged and incorporated by
5  reference as though fully set forth, Defendants have committed the tort of conversion against
6  their employees, including Plaintiffs and Class Members.

7      94.    DOE Defendants 1 though 5 have violated Labor Code section 2753 by
8  knowingly advising the Defendant Employers to treat Plaintiffs and Class Members as
9  independent contractors to avoid employee status for Plaintiffs and Class Members, in exchange
10 for money or other valuable consideration. This violation serves as an additional predicate act
11 under the UCL.

12     95.    The Employer Defendants violated Labor Code section 226.8, by engaging in a
13 pattern and practice of willfully misclassifying Plaintiffs and Class Members as independent
14 contractors. This violation serves as an additional predicate act under the UCL.

15     96.    Defendants' violations of these laws serve as unlawful predicate acts, and have
16 resulted in economic harm and injury to all Plaintiffs and Class Members for Business and
17 Professions Code section 17200, and remedies are provided under Business and Professions
18 Code section 17203.

19     97.    Plaintiffs are informed and believe and on that basis allege that, the Defendant
20 Employers have engaged in unlawful, deceptive, and unfair business practices prohibited by the
21 UCL, including those set forth, depriving Plaintiffs and Class Members in California
22 individually and as representatives of other members of the general public the minimum working
23 condition standards due to them under California labor laws. Because of the Defendant
24 Employers' unlawful, deceptive, and unfair business practices, they have gained an unfair
25 competitive advantage over other law abiding employers in the industry within California.

26     98.    Plaintiffs and Class Members are entitled to an injunction and other equitable
27 relief against such unlawful practices to prevent future damage, for which there is no adequate
28 remedy at law, and to avoid a multiplicity of lawsuits.

ROSE LAW, A PROFESSIONAL CORPORATION
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670
(916) 273-1260

-24-

1      99.    The illegal conduct alleged is continuing, and there are no indications Defendants

2   will not continue such activity into the future. Plaintiffs and Class Members allege that if

3   Defendants are not enjoined from the conduct set forth in this Complaint, they will continue to

4   fail to provide to employees minimum working condition standards due to them under California

5   labor laws to the detriment and damage of its employees while gaining an unfair competitive

6   advantage over law abiding employers in the same industry within California.

7      100.   As a direct and proximate result of the aforementioned acts, Defendants have

8   received and continue to hold ill-gotten gains belonging to Plaintiffs and Class Members, in that

9   Defendants have profited in that amount from their unlawful practices.

10      101.   Business and Professions Code section 17203 provides that the Court may restore

11   to any person in interest any money or property which may have been acquired with such unfair

12   competition. Plaintiff and Class Members are entitled to restitution under Business and

13   Professions Code sections 17203 and 17208 for all wages unlawfully withheld from them during

14   the four years prior to filing this Complaint. Plaintiffs will, upon leave of the Court, amend this

15   Complaint to state such amounts when they become ascertained.

16      102.   Plaintiffs' and Class Members success will enforce important rights affecting the

17   public interest, and in that regard, Plaintiffs sue for themselves and other employees in

18   California similarly situated. Plaintiffs seek and are entitled to unpaid minimum, regular,

19   overtime, and terminal wages, penalties, injunctive relief, and any other remedy owing to

20   Plaintiffs and other aggrieved employees.

21      103.   To prevent Defendants from profiting and benefiting from wrongful and illegal

22   acts, an order requiring Defendants to disgorge all of the profits and gains they have reaped

23   through their unlawful and unfair business practices is appropriate and necessary.

24      WHEREFORE, Plaintiffs pray for judgment as set forth below.

25                                  **TENTH CAUSE OF ACTION**
       **Labor Code Private Attorneys General Act ("PAGA," Lab. Code § 2699 et seq.)**
26                                    **(Against All Defendants)**

27      104.   Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1

28   through 103 above as though fully set forth herein.

-25-

ROSE LAW, A PROFESSIONAL CORPORATION
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670
(916) 273-1260

105. Under Labor Code section 2699(a), the Labor Code Private Attorneys General Act ("PAGA," Lab. Code, § 2699 et seq.) authorizes Plaintiffs to bring this civil action on their own behalf and for other current and former employees to recover civil penalties otherwise collected for violations of the Labor Code by the LWDA or its departments, divisions, commissions, boards, agencies, or employees. For all provisions of the Labor Code where a civil penalty is not expressly provided, there is established under the PAGA at Labor Code section 2699(f) a civil penalty of one-hundred dollars ($100) for each aggrieved employee per pay period for the initial violation hereinabove alleged and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation hereinabove alleged.

WHEREFORE, Plaintiffs prays for judgment as set forth below.

## ELEVENTH CAUSE OF ACTION
### Declaratory Relief, Rescission, and Injunctive Relief
### (Against All Defendants)

106. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 105 above as though fully set forth herein.

107. An actual, present and justiciable controversy has arisen and now exists between Plaintiffs and Class Members and the Defendant Employers, concerning their respective rights and duties in that Plaintiffs contend that the Agreements they were required to sign as a precondition to employment were permeated with illegal and unconscionable terms (collectively referred to as the "Illegal Terms"), including but not limited to:

a. Willfully misclassifying Plaintiffs and Class Members as independent contractors rather than employees ;

b. Excluding Plaintiffs and Class Members from over-time wages for hours worked in excess of eighth (8) hours or twelve (12) hours per day and forty (40) hours per week in violation of California Labor Codes and applicable IWC wage orders;

c. "Exclusivity" and "Non-Solicitation; Non-Competition" terms are illegal restraints on trade under California Business and Professions Code section 16600 and contradict the purported independent contractor status conferred by the Agreement;

d. "Indemnification" term requires Plaintiffs and Class Members to indemnify the

-26-

ROSE LAW, A PROFESSIONAL CORPORATION
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670
(916) 273-1260

company for all claims, even those arising out of the employees' course and scope of employment in violation of California Labor Code section 2802;

  e.  "Resolution of Disputes" term is an attempt to evade the illegal nature and purpose of the Agreement and is void under California law;

  f.  "Governing Law" term attempts to avoid California Labor Codes and IWC Wage Orders for employment contracts executed and performed in California.

  108. A true and correct copy of the Agreement signed by Plaintiff Gianfranco Uy is attached to this Complaint as **Exhibit A** and is a representative example of the Agreements signed by all Plaintiffs and Class Members.

  109. Plaintiffs' and Class Members' consent to the Illegal Terms and the Agreements was given by mistake, and/or through duress, fraud, constructive fraud, and/or undue influence and enforcement of the Agreements would be unconscionable.

  110. Enforcement of the Agreements and the Illegal Terms would be prejudicial to the public interest.

  111. The Agreements and Illegal Terms should be rescinded based on statutory provisions providing for rescission.

  112. Plaintiffs desire a judicial determination that the Illegal Terms and any other illegal or unconscionable terms in the Agreements are invalid and unenforceable.

  113. Plaintiffs desire a judicial determination and declaration that the Agreements are therefore rescinded in their entirety.

  114. Plaintiffs desire an injunction prohibiting Defendants from enforcing the Agreements.

## PRAYER FOR RELIEF

Plaintiffs pray for relief :

### As to all causes of action:

1. For compensatory damages to Plaintiffs and Class Members in California;

2. For prejudgment interest on all sums awarded to the extent permitted by law;

3. For such other and further relief as the Court may deem proper;

-27-

ROSE LAW, A PROFESSIONAL CORPORATION
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670
(916) 273-1260

1 **As to the First Cause of Action Unpaid Overtime Wages:**

2     4.    For an award of all unpaid overtime wages due to Plaintiffs and Class Members
3 in California;

4     5.    For an award of penalties under Labor Code section 558 in the amount of fifty
5 dollars ($50) per initial violation per underpaid employee per pay period, and one hundred
6 dollars ($100) for each subsequent violation per employee per pay period;

7     6.    For an award of interest at ten percent per annum on the unpaid overtime wages
8 under Labor Code section 1194;

9     7.    For an award of reasonable attorney's fees and costs of suit under Labor Code
10 section 1194;

11 **As to the Second Cause of Action for Willful Failure to Timely Pay Wages When**
12 **Due at Termination:**

13     8.    For an award of all unpaid terminal wages due to Plaintiffs and other aggrieved
14 employees;

15     9.    For an award of waiting time penalties of thirty (30) days wages per employee
16 under Labor Code section 203;

17     10.    For an award of interest at ten percent per annum on the unpaid terminal wages
18 under Labor Code section 1194;

19     11.    For an award of reasonable attorney's fees and costs of suit under Labor Code
20 section 1194;

21 **As to the Third Cause of Action for Violation of Labor Code § 2753:**

22     12.    That this court order that Doe Defendants 1 through 5 shall be jointly and
23 severally liable with the Defendant Employers;

24 **As to the Fourth Cause of Action for Failure to Give Mandated Meal and Rest**
25 **Breaks:**

26     13.    For an award of one additional hour of pay at the employee's regular rate of
27 compensation for each work day that the meal or rest period was not provided, under Labor
28 Code section 226.7;

ROSE LAW, A PROFESSIONAL CORPORATION
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670
(916) 273-1260

ROSE LAW, A PROFESSIONAL CORPORATION
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670
(916) 273-1260

1  **As to the Fifth Cause of Action for Failure to Contract for Sufficient Funds to**

2  **Comply with Labor Laws:**

3      14.     For the greater of either compensatory damages or $250 per employee for each

4  initial violation and $1,000 per employee for each subsequent violation, under Labor Code

5  section 2810;

6      15.     For an award of costs and reasonable attorney's fees under Labor Code section

7  2810;

8  **As to the Sixth Cause of Action for Failure to Pay Minimum Wages:**

9      16.     For an award of all unpaid minimum wages and/or piece rate wages due to

10  Plaintiffs and Class Members;

11     17.     For an award of civil penalties in the amount of $100 per initial violation per

12  underpaid employee per underpaid pay period, and $250 for each subsequent violation for each

13  underpaid employee per underpaid pay period, under Labor Code section 1197.1;

14     18.     For an award of interest at ten percent per annum on the unpaid undisputed wages

15  under Labor Code section 1194;

16     19.     For an award of reasonable attorney's fees and costs of suit under Labor Code

17  section 1194;

18  **As to the Seventh Cause of Action for Failure to Pay for Necessary Expenditures:**

19     20.     For compensatory damages;

20     21.     For an award of interest at a rate of ten percent per annum on the unreimbursed

21  necessary expenditures;

22     22.     For an award of reasonable attorney's fees and costs of suit under Labor Code

23  section 2802;

24  **As to the Eighth Cause of Action for Conversion:**

25     23.     For compensatory damages;

26     24.     For an award of damages to Plaintiffs and Class Members for their time and

27  money expended in pursuit of the return of their property, including reasonable attorney's fees,

28  under Civil Code section 3336;

-29-

25.     For an award of exemplary damages under Civil Code section 3294;

**As to the Ninth Cause of Action for Unfair Competition:**

26.     For a judicial determination that the Illegal Terms in the Agreements violate the UCL and have resulted in economic harm and injury to all Plaintiffs and Class Members;

27.     For an order requiring the Defendant Employers to pay restitution to Plaintiffs and Class Members due to the Defendant Employers' unlawful activities, under Business and Professions Code section 17203;

28.     For an order requiring the Defendant Employers to disgorge profits related to the unlawful nonpayment of Workers Compensation insurance premiums, Affordable Care Act requirements, Unemployment Insurance payments, SDI payments, SSI contributions, Medicare contributions, federal and state payroll tax payments, and numerous other state and federal laws, taxes and requirements;

29.     For an order declaring the Defendant Employers' employment practices as described above are unlawful and requiring the Defendant Employers to cease and desist from unlawful activities in violation of California Business and Professions Code section 17200;

30.     For an award of interest, reasonable attorney's fees and costs of suit under California Code of Civil Procedure section 1021.5.

31.     For any further equitable relief in favor of Plaintiffs and Class Members the Court deems just and proper;

**As to the Tenth Cause of Action under the PAGA:**

32.     For civil penalties as provided under Labor Code section 2699(f), to be distributed 75 percent to the LWDA (for enforcement of labor laws and education of employers and employees about their rights and responsibilities under the Labor Code) and 25 percent to Plaintiffs and Class Members of the Defendant Employers;

33.     For an award of reasonable attorney's fees and costs, including expert witnesses, under Labor Code section 2699(g)(1);

**As to the Eleventh Cause of Action for Injunctive and Declaratory Relief:**

34.     That the Court enter judgment according to the declaratory and injunctive relief

-30-

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, RESTITUTION,
AND CIVIL PENALTIES; DEMAND FOR JURY TRIAL

ROSE LAW, A PROFESSIONAL CORPORATION
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670
(916) 273-1260

1 sought;

2     35.    For an award of costs of suit;

3     36.    For an award of exemplary damages under Civil Code section 3294;

4     37.    For any further equitable relief in favor of Plaintiffs and Class Members the Court

5 deems just and proper.

6     DATED:     February 4, 2014        ROSE LAW

7                                       A PROFESSIONAL CORPORATION

8                            By:    */s/ Joseph W. Rose*

                                    JOSEPH W. ROSE

9                                     LISA L. BRADNER

                                    Attorneys for Plaintiffs

10                                     individually and on behalf of all

                                    others similarly situated.

11

12

13                         **DEMAND FOR JURY TRIAL**

14     Plaintiffs RAMSES GUTIERREZ, JONATHAN JACOB, TOUSSAINT CHIVARS,

15 JOSHUA ESPIRITU, PATRICK WILLIAMS, SAM PREEG, RICARDO SAPASAP,

16 ARMANDO TORRES, KEONDRE MASTERS, GIANFRANCO UY, CHRISTOPHER ADDO;

17 ALAN OSORIO, KEITH POLEE, EARL GRAY and ZACHARY FINER for themselves and all

18 others similarly situated, demand a jury trial.

19     DATED:     February 4, 2014       ROSE LAW

20                                           A PROFESSIONAL CORPORATION

21                            By:    */s/ Joseph W. Rose*

                                    JOSEPH W. ROSE

22                                     LISA L. BRADNER

23                                     Attorneys for Plaintiffs

                                    individually and on behalf of all

24                                     others similarly situated.

25

26

27

28

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, RESTITUTION,
AND CIVIL PENALTIES; DEMAND FOR JURY TRIAL

ROSE LAW, A PROFESSIONAL CORPORATION
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670
(916) 273-1260