Joseph W. Rose, State Bar No. 232261
Mehran Tahoori, State Bar No. 283313
ROSE LAW, APC
11335 Gold Express Drive, Suite 135
Gold River, California 95670
Telephone:   (916) 273-1260
Facsimile:    (916) 290-0148
Email:         legalteam@joeroselaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMSES GUTIERREZ, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>CARTER BROTHERS SECURITY SERVICES, LLC, a Florida limited liability company, AT&T DIGITAL LIFE, INC., PACIFIC BELL TELEPHONE COMPANY DBA AT&T DATACOMM, INC., AT&T CORP. and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 2:14-CV-00351-MCE-CKD<br><br>**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AND ENTRY OF JUDGMENT**<br><br>Hearing Date:  Thu., April 30, 2020<br>Hearing Time:  2:00 p.m.<br>Judge:              Hon. Morrison C. England |

This matter was scheduled for hearing on April 30, 2020, at 2:00 p.m. in Courtroom 7 of this Court for Plaintiffs' Unopposed Motion for Final Approval of Class Settlement and Entry of Judgment ("Motion"). ECF No. 131. On the Court's own motion and pursuant to Local Rule 230(g), the April 30, 2020 hearing on the Unopposed Motion for Final Approval of Class Settlement & Entry of Judgment was vacated and submitted without appearance and argument. Dkt. No. 132.

The Court, having fully and carefully reviewed, considered, and analyzed the unopposed Motion, the supporting Memorandum of Points and Authorities (*Id.*), the supporting Declaration of Joseph W. Rose with exhibits A through G thereto (ECF No. 131-1), the supporting Declaration of Elizabeth Kruckenberg with exhibits A and B thereto (ECF No. 131-1), the Supplemental Declaration of Joseph

W. Rose (ECF No. 133), the Stipulation of Class Settlement and Release dated September 2019, and the Notice Packet, and in recognition of the Court's duty to determine the reasonableness, good faith, and adequacy of the parties' stipulated class settlement, and to ensure proper notice to all Class Members in accordance with due process requirements, THE COURT MAKES THE FOLLOWING FINDINGS AND ORDERS:

1.     On December 3, 2019, the Court, by the Honorable Morrison C. England, Jr., granted Plaintiffs' unopposed Motion for Preliminary Approval of Class Settlement and Direction of Notice, finding preliminarily that the Settlement Class met requirements for certification under Fed. R. Civ. P. § 23 and for collective action treatment under 29 U.S.C. § 216(b). The law firm of Rose Law, APC was appointed Class Counsel, and Plaintiffs RAMSES GUTIERREZ, JONATHAN JACOB, TOUSSAINT CHIVARS, JOSHUA ESPIRITU, PATRICK WILLIAMS, SAM PREEG, RICARDO SAPASAP, ARMANDO TORRES, KEONDRE MASTERS, GIANFRANCO UY, CHRISTOPHER ADDO; ALAN OSORIO, KEITH POLEE, EARL GRAY and ZACHARY FINER ("Plaintiffs") were appointed as the Class Representatives for the proposed class to be certified for settlement purposes. Phoenix Class Action Administration Solutions of Orange, California, was appointed as class administrator. The Court ordered notices be sent to Settlement Class Members.

2.     The Court now finds the Stipulation of Class Settlement and Release, attached as Exhibit C to the Declaration of Joseph W. Rose supporting Plaintiffs' Motion for Preliminary Approval of Class Settlement and Notice (ECF No. 126-1), incorporated herein by this reference in full, and made a part of this Order, is approved; provided, however, that payments to Settlement Class Members shall be as set forth on page 15 of Plaintiffs' unopposed Motion for Final Approval of Class Action Settlement and Entry of Judgement. ECF No. 131.

3.     Further, the Court finds: a) the $823,329.00 Gross Settlement Fund and proportional settlement amounts are fair and reasonable to the Settlement Class Members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues and potential appeals; b) significant investigation, research, discovery and motion practice have been conducted such that counsel for the parties at this time are able to reasonably evaluate their respective positions; c) settlement at this time will avoid substantial costs, delay, and risks that would be presented

by further prosecution of the litigation; and d) the proposed settlement has been reached as the result of intensive, serious and non-collusive negotiations between the parties facilitated by two experienced class action wage and hour mediations in two separate mediations.

4. The Court acknowledges that Defendant has also entered into individual settlements, conditioned upon entry of this Order, with thirty (30) individuals who worked as Carter Brothers technicians installing AT&T Digital Life products: a) in Southern California (the "Southern California Individual Settling Parties"); and b) outside of California (the "Out-of-State Individual Settling Parties"), which are not funded from the Gross Settlement Amount but rather by funds in addition to the Gross Settlement Amount, and are subject to the terms and conditions set forth in those separate agreements with the Southern California Individual Settling Parties and the Out-of-State Individual Settling Parties.

5. Accordingly, good cause appearing, Plaintiffs' unopposed Motion for Final Approval of the Class Settlement and Entry of Judgment is GRANTED, and as a part of this final approval, the Court hereby accepts and incorporates the Stipulation of Class Settlement and Release and the schedule of payments to Settlement Class Members as set forth on page 15 of Plaintiffs' unopposed Motion for Final Approval of Class Action Settlement and Entry of Judgement.

6. Solely for settlement purposes, the Court certifies the Settlement Class as a collective action pursuant to 29 U.S.C. § 216(b) and as a Rule 23 settlement class. The Settlement Class is defined as the thirty-five (35) individuals named in Exhibit C of the parties' Stipulation of Class Settlement and Release who worked as Carter Brothers technicians installing AT&T Digital Life products in Northern California, during the four (4) years prior to the filing of the Action. "Participating Settlement Class Member" means: (i) The Named Plaintiffs; and (ii) All Opt-In Plaintiffs who filed Consent to Join Forms and who did not timely opt out of the Settlement, plus one worker who mistakenly filed a late Consent to Join Form that the parties have nevertheless agreed to accept as timely, as referenced in the Supplemental Declaration of Joseph W. Rose. ECF No. 133

7. The Court further finds that the Notice Packet, attached as Exhibit A to the Declaration of Elizabeth Kruckenberg (ECF No. 131-1), fairly and adequately advised Settlement Class Members of a) the pendency of the Class Action Settlement; b) the certification of the Settlement Class; c) preliminary Court approval of the proposed Settlement; d) the date of the Final Approval Hearing; e) the

ROSE LAW, APC
11335 GOLD EXPRESS DRIVE, SUITE 135
GOLD RIVER, CALIFORNIA 95670

terms of the proposed Settlement and the benefits available to Settlement Class Members under the Settlement; f) their right to receive their proportionate share of the Net Settlement Fund by returning their claim form; g) their right to request exclusion and the procedures and deadline for doing so; h) their right to object to the Settlement, and the procedure and deadline for doing so; i) their right to file documentation in support of or in opposition to the Settlement, and to appear in connection with the Final Approval Hearing. The Court further finds that the Notice clearly comports with all constitutional requirements, including those of due process.

8. The Court further finds that the mailing to the last known address of all Settlement Class Members, with measures taken for verification of addresses and skip tracing of bad addresses, as specifically described within the Stipulation of Class Settlement and Release and the supporting Declaration of Elizabeth Kruckenberg, constitutes an effective method of notifying Settlement Class Members of their rights with respect to the Class Action and Settlement.

9. Accordingly, it is hereby ORDERED that:

   a. The law firm of Rose Law, APC is confirmed as Class Counsel;

   b. Phoenix Class Action Administration Solutions of Orange, California, is confirmed as class administrator, and shall receive payment from the Settlement Fund for services of Seven Thousand Two Hundred Dollars and Eight-Five Cents ($7,271.85);

   c. The fifteen (15) named Plaintiffs are confirmed as Class representatives, each of whom shall receive service award payments from the Net Settlement Fund of Five Thousand Dollars and No Cents ($5,000.00) in addition to their individual proportional share of the Net Settlement Fund as Participating Settlement Class Members;

   d. Proportional payments to Participating Settlement Class Member from the Net Settlement Fund shall be as set forth on page 15 of Plaintiffs' unopposed Motion for Final Approval of Class Action Settlement and Entry of Judgement (ECF No. 131);

   e. The California Labor and Workforce Development Agency ("LWDA") shall receive payment from the Settlement Fund of Thirty-Seven Thousand Five Hundred Dollars and No Cents ($37,500.00), constituting seventy-five percent (75%) of a Fifty Thousand Dollars and No Cents ($50,000.00) allocation for civil penalties under the Labor Code Private Attorneys'

General Act;

   f.   Class Counsel Rose Law, APC's application for attorney's fees of One Hundred Ninety-Three Thousand Three Hundred Thirty-Two Dollars and No Cents ($193,332.00) in representation of Plaintiffs and Settlement Class Members is reasonable and approved, and shall be paid from the Settlement Fund; and

   g.   Class Counsel Rose Law, APC's application for advanced costs reimbursement of Thirty-Nine Thousand Two Hundred Four Dollars and No Cents ($39,204.00) in representation of Plaintiffs and Settlement Class Members is reasonable and approved and shall be paid from the Settlement Fund.

IT IS SO ORDERED.

Dated: May 5, 2020

*[signature]*

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE